IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

TED L. PATTERSON                                                      PLAINTIFF

V.                                                                     CIVIL ACTION NO. 1:04CV297

RADIOSHACK CORPORATION AND
DUFFY CONSTRUCTION COMPANY, INC.                      DEFENDANTS

## **MEMORANDUM OPINION**

This cause comes before the court upon the defendant Radioshack Corporation's motion for summary judgment. The defendant Duffy Construction Company, Inc., ("Duffy") has joined the motion. Upon due consideration of the motion, response, exhibits, and supporting and opposing authority, the court is ready to rule.

Factual and Procedural Background

The plaintiff, Ted L. Patterson, originally brought this action in the Circuit Court of Lee County, Mississippi, seeking damages under a theory of premises liability for alleged injuries sustained from a May 3, 2001, fall at the defendant Radioshack's store at The Mall at Barnes Crossing in Tupelo, Mississippi.[1] The plaintiff alleges that he was attempting to select an item from the store shelves when his feet became entangled in a ball of coaxial wire lying on the floor. The entanglement allegedly caused the plaintiff to trip and fall to the floor. The Radioshack store was undergoing remodeling by Duffy Construction at the time. The defendants removed the case to this court on September 22, 2004. The plaintiff filed an amended complaint on April 21, 2005, adding Duffy as a defendant.

---

[1]The Mall at Barnes Crossing was originally named as a defendant but was dismissed by agreement on December 30, 2005. Two individual defendants, Bobby Collins and Bernie Burns, were previously dismissed with consent on June 29, 2005.

The plaintiff alleges that he became nauseous before he left the mall, vomited, developed a migraine headache, and became sensitive to light. The plaintiff visited a hospital in Pontotoc, Mississippi and later visited his family physician.

The plaintiff testified that he has been involved in several accidents unrelated to the alleged incident at Radioshack. In 1992, the plaintiff's vehicle was "run over by a log truck" loaded with 63,000 pounds of logs. The truck "crushed [the plaintiff's] Cadillac up into a piece of a beer can." The plaintiff also had an accident in 1991 in which he ran his truck into a tree in his front yard. Further, the plaintiff has a history of degenerative disc disease that pre-dates the alleged fall at Radioshack, including a 1997 surgery to his cervical spine to remove bone spurs.

The plaintiff designated two treating physicians as expert witnesses, Dr. Thomas McDonald and Dr. George Hammitt. The defendants have named Dr. Thomas Riley Jones as an expert specializing in orthopaedic medicine.

Radioshack has moved for summary judgment, and Duffy joined the motion. Duffy also moved to dismiss on statute of limitations grounds or, in the alternative, for summary judgment.

## Standard of Review

A party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). On a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265 (1986). If the movant makes such a showing, the burden then shifts to the non-movant to "go beyond the pleadings and by . . .

2

affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp.*, 477 U.S. at 324, 106 S. Ct. at 2553, 91 L. Ed. 2d at 274 (quoting Fed. R. Civ. P. 56(c), 56(e)). Before finding that no genuine issue for trial exists, the court must first be satisfied that no rational trier of fact could find for the non-movant. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538, 552 (1986).

<u>Analysis</u>

Defendant Radioshack has moved for summary judgment arguing that an essential element of the plaintiff's claim – causation – cannot be properly established. The defendant argues that the cause of the plaintiff's injuries must be proven in terms of medical *probability*. The plaintiff argues that evidence of *possibility* is sufficient to warrant submission of the proof to a jury.

The Mississippi Supreme Court "has consistently held that medical testimony is not probative unless it is in the terms of probabilities and not possibilities." *Deas v. Andrews*, 411 So. 2d 1286, 1293 (Miss. 1982) (citing *Garrett v. Wade*, 259 So. 2d 476 (1972)). In *Scott County Co-Operative v. Brown*, 187 So. 2d 321 (Miss. 1966), the court held that a doctor's statement that he was of the opinion that a mental condition "could have been caused" by the accident at issue "was insufficient to justify submitting to the jury the question of causal connection between the malady and the accident." *Deas*, 411 So. 2d at 1293 (citing *Garrett*, 259 So. 2d at 479). "[T]estimony in terms of medical probability is required by Mississippi law." *Sutherlands Lumber & Home Center, Inc. v. Whittington*, 878 So. 2d 80, 83 (Miss. App. 2004). "If the testimony shows only a *possibility*, then it has no probative value; if it shows a *probability*, then

3

it has probative value." *Whittington*, 878 So. 2d at 83. In other words, "[i]t is well settled that proof of causal connection must rise above mere possibility." *Kirk v. K-Mart Corp.*, 838 So. 2d 1007, 1101 (Miss. App. 2003).

The plaintiff's treating physicians have conceded that they cannot state in terms of medical probability their opinion regarding the cause of the plaintiff's injuries, which include a hole in his dura.[2] The following exchange took place during Dr. McDonald's deposition:

Q: [Y]ou're not offering an opinion today to a reasonable degree of medical probability as to what the cause of the hole in Mr. Patterson's dura was, are you?

A: I am not.

Dr. McDonald further refused to rule out the possibility that certain injections given by Dr. Hammitt were the cause of the hole in the plaintiff's dura. He also could not rule out the possibility that a motor vehicle accident caused the plaintiff's injuries. Dr. Hammitt testified that he could not state within a reasonable degree of medical certainty as to the cause of the plaintiff's pain. He stated that the plaintiff suffers from disc degeneration, which has caused some disc protrusions. According to Dr. Hammitt, the protrusions are leading to cervical spinal stenosis, a narrowing of the spinal canal.

The defendant's expert, Dr. Jones, has stated in an affidavit that the plaintiff's problems with his cervical spin are "more chronic and spondylolytic" in nature and include "a bony overgrowth process that is narrowing the lateral recess and producing neural foraminal stenosis that could be compromising the C6 nerve root," bone spurs at C4-5 and C5-6, and a "persistent

---

[2]"The outermost, toughest, and most fibrous of the three membranes (meninges) covering the brain and spinal cord." MedicineNet.com, http://www.medicinenet.com/script/main/hp.asp.

filling defect at C6-7." He further testified that the Radioshack accident did not cause any structural changes to the plaintiff's spine; that the tear in the plaintiff's dura was not related to the fall at Radioshack; and that the plaintiff's need for surgery was unrelated to the Radioshack accident. Dr. Jones expressly stated that his opinions were given to a reasonable degree of medical certainty.

In addressing the issue of causation and probability, the Fifth Circuit has stated as follows:

> Where the facts proven show that there are several probable causes of an injury, for one or more of which the defendant was not responsible, and it is just as reasonable and probable that the injury was the result of one cause or the other, plaintiff cannot have a recovery, since he has failed to prove that the negligence of the defendant caused the injury.

*Dreijer v. Girod Motor Co., Inc.*, 294 F.2d 549, 556 (5th Cir. 1961). The case at bar presents a similar situation to the one examined in *Dreijer* in that various possible causes exist for the plaintiff's injuries. Through the physicians' testimony outlined above, some of those causes have risen to the level of probability, while others, including the fall at Radioshack, remain only possible.

The plaintiff argues that "[t]o require an expert to state with certainty what was the cause is folly. It is appropriate in such instances for the expert to state what could have caused the injury and leave the decision to the jury." This argument, however, ignores well-settled case law in this state and circuit. Because the record makes clear that the plaintiff has been unable to establish causation to a medical *probability*, the court must find that no genuine issue of material fact exists in this cause. The defendants are, therefore, entitled to judgment as a matter of law.

<u>Conclusion</u>

For the foregoing reasons, the court finds that defendant Radioshack's motion for summary judgment should be granted. Because defendant Duffy joined the motion, the claims against Duffy shall be dismissed as well. A separate order in accord with this opinion shall issue this day.

This, the 7th day of August, 2006.

/s/ Neal Biggers
_____
**NEAL B. BIGGERS, JR.
SENIOR U.S. DISTRICT JUDGE**